The Honorable Keith G. Rhodes Deputy Prosecuting Attorney Seventeenth Judicial District Post Office Box 457 Des Arc, AR 72040
Dear Mr. Rhodes:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of a proposed interlocal agreement between Prairie County, Arkansas, and the City of Des Arc, Arkansas.
You have submitted a copy of the agreement, under the terms of which the parties agree generally that the Prairie County Sheriff will deputize all certified Des Arc police officers so as to enable them to assist the Sheriff outside the city limits of Des Arc. The agreement also provides for related matters.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreement that you have submitted must specify all of the above-listed items.
Having analyzed the agreement between Prairie County, Arkansas, and the City of Des Arc, Arkansas, I find that it fails to specify all of the items set forth above. More specifically, the agreement is deficient in the following respects:
• It does not specify the duration of the agreement.
 • It does not specify the manner of financing any expenses incurred as a result of the agreement, or of establishing and maintaining a budget for financing expenses incurred as a result of the agreement.
 • It does not specify the method of acquiring, holding, or disposing of any property, if this is to be done as a result of the agreement, nor does it state that no property will be acquired as a result of the agreement.
 • It does not specify any individual or board who is to be ultimately responsible for administering the agreement.
In light of the foregoing deficiencies, I must withhold approval of the submitted agreement in its current form, pursuant to the provisions of A.C.A. § 25-20-104(f)(2). If you wish to submit an amended agreement including the required information, I will be happy to approve it in a most expeditious manner.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh